UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CIENA HEALTHCARE MANAGEMENT, INC., *et al.*, | )<br>)<br>) |
| Plaintiffs, | ) Case No. 2:24-cv-12362 -MAG-DRG |
| v. | )<br>) Judge Mark A. Goldsmith |
| GROUP RESOURCES INCORPORATED, *et al.*, | ) Magistrate Judge David R. Grand<br>)<br>)<br>) |
| Defendants. | ) |

**PRELIMINARY INJUNCTION AND
ORDER GRANTING EXPEDITED DISCOVERY**

This matter has come before the Court on the Emergency, *Ex Parte* Motion for Temporary Restraining Order, Expedited Discovery, and for Preliminary Injunction (the "Motion") filed by Ciena Healthcare Management, Inc. ("Ciena"), individually and as Plan Administrator for the Ciena Healthcare Management, Inc. Health and Welfare Plan (the "Plan") (collectively, "Plaintiffs"). With the Court having entered a TRO and Order Granting Expedited Discovery on September 11, 2024, and having further considered the matter, including Plaintiffs' Verified Complaint and the facts attested to therein, the Motion and Brief in Support of the application for TRO, Preliminary Injunction and Expedited Discovery, and having held a hearing on the Motion on September 16, 2024 and being otherwise sufficiently

advised, the Court has determined and found that there is evidence that Plaintiffs have a probable right to the relief sought upon final hearing, harm is imminent to Plaintiffs, and Plaintiffs have no adequate remedy at law.

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. Defendants GR Holdings, L.L.C. ("GRHOL"), Group Resources of Texas, L.L.C. ("GRTX"), Group Resources of Jamaica, LLC ("GRJAM"), William Andrew Willoughby ("Willoughby"), David A. Obermeyer ("Obermeyer"), and Obermeyer Wealth Management, LLC ("OWM") (collectively, "Defendants"), and anyone acting in concert or participation with them (including, but not limited to, all employees and/or agents of Defendants) are hereby enjoined from, directly or indirectly, withdrawing, using, moving, transferring or receiving any funds that were ever contained in the Plan FBO accounts and any other accounts that received transfers from the Plan FBO accounts held for Ciena and the Plan, except as otherwise provided in this Order.

2. Defendants shall within 48 hours of the entry of this Order return to Ciena and the Plan any and all funds that were received from insurance or other sources, relating to this matter or to the underlying conduct of Defendants with respect to the Plan (including, but not limited to, claims or charges against Obermeyer or others or restitution or repayment received) or transferred out of the

FBO account held for Ciena and the Plan, such that the funds will be placed into a trust approved by Plaintiffs, for the exclusive use of paying claims;

3. Defendants shall assist Ciena, the Plan, and their agents as needed with the orderly processing of all remaining Plan claims for all dates of service through September 30, 2024;

4. Defendants shall within 48 hours of the entry of this Order turn over to Ciena any and all compilations, summaries or reports that relate to the status of unpaid Plan claims for 2018 forward, including, but not limited to, recent payment (or non-payment to date) of same;

Any tangible materials called for in this Order shall be provided by the above date and time (or other date and time called for in this Order) to counsel for Plaintiffs, with physical deliveries to:

> Paul A. Wilhelm
> Clark Hill PLC
> 500 Woodward Avenue, Suite 3500
> Detroit, MI 48226
> pwilhelm@clarkhill.com

**IT IS FURTHER ORDERED THAT:**

This Preliminary Injunction shall remain in effect, unless otherwise modified by the Court, pending a full trial on the merits.

This Order shall be effective immediately upon entry, and the Court finds in its discretion no bond is required.

**IT IS FURTHER ORDERED THAT:**

With Plaintiffs' Motion as it relates to Plaintiffs' request for Expedited Discovery having been GRANTED on September 11, 2024, that portion of the September 11 Order is reaffirmed and **IT IS HEREBY ORDERED** as follows:

1. Defendants shall respond fully to Plaintiffs' First Requests for Production of Documents within three business days of their receipt of this Court's Order.

2. Defendants Willoughby and Obermeyer, and another member, officer, agent, supervisor or manager-level employee from each of GRHOL, GRTX and GRJAM (to be identified by Plaintiffs), shall appear for deposition within 15 days of this Order, at a time, place and manner agreeable to Plaintiffs, or at a later date that may be set by counsel for Plaintiffs.

3. The depositions set forth above shall take place on a single day each, for no more than seven hours each and shall not count against the presumptive limits set under the Federal Rules of Civil Procedure for depositions once regular discovery later commences.

4. The deposition(s) of third-parties (and document production) may occur within seven days of service of any subpoena.

**IT IS SO ORDERED.**

5

Dated: September 17, 2024                                  s/Mark A. Goldsmith
       Detroit, Michigan                                  MARK A. GOLDSMITH
                                                       United States District Judge